## Case No. 3,723.
### In re DECKER.
[8 Ben. 81.] [2]

District Court, S. D. New York. April Term, 1875.

BANKRUPTCY — RE-EXAMINATION OF CLAIM—PRINCIPAL CREDITORS—COSTS.

D. being in financial difficulty. certain creditors signed an agreement that, if he would give those who signed it his notes for fifty per cent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

on his indebtedness to them, payable in three, six, nine, twelve, fifteen and eighteen months, they would release him from all further indebtedness, with the condition that the agreement should be binding only in case it was signed by "all his principal creditors." D. gave the notes and paid the two that first came due. Bankruptcy proceedings were then instituted against him, and a corporation, one of the creditors who had signed the agreement, filed a proof of debt, claiming as due the whole of the original indebtedness, less the amount of the notes paid, because, as was insisted, the agreement had not been signed by all the principal creditors: *Held*, that, as the creditor had taken the notes, which it was not bound to take unless the agreement was signed by all the principal creditors, it could not be allowed to say that the agreement was not so signed; and that the claim must be reduced to the amount of the notes unpaid, and the creditor must pay the cost of the proceedings to re-examine the claim.

This was an application by the assignee in bankruptcy of William H. Decker, for the re-examination of a debt proved against the estate by the South Brooklyn Saw-Mill Company. The evidence showed that the company, with other creditors of Decker, on March 12th, 1873, signed an agreement, whereby they agreed to accept Decker's notes for fifty per cent. of their respective claims against him, payable in three, six, nine, twelve, fifteen and eighteen months, and to release all further claim against him, on the condition that the agreement should be signed by all Decker's "principal creditors." The notes, specified in the agreement, were given, and the two that fell due first were paid. Thereafter, Decker being put into bankruptcy, the company filed a proof of debt for the amount of their original claim, less the amount of the two notes paid, and a bill of $66.41 for lumber sold to Decker after the execution of the agreement. The company claimed that the agreement had not been signed by all of Decker's principal creditors. The evidence also showed that Decker owed, at the time the agreement was signed, to seventy-eight creditors, about $123,462.46, and that it had not been signed by one to whom he owed $3,819.25, by another to whom he owed $2,023.83, by another to whom he owed $1,756.47, by another to whom he owed $1,511.38, and by others. On this evidence the register held that the agreement had not been signed by all the principal creditors, and that the proof of debt of the saw-mill company should therefore stand undiminished; and he certified the question to the court.

BLATCHFORD, District Judge. These creditors signed an agreement whereby they, with other creditors signing the same agreement, agreed, in consideration of Decker's giving to them his promissory notes to the amount of 50 per centum on the dollar of his then indebtedness to them, payable in three, six, nine, twelve, fifteen and eighteen months respectively, to release all further or other claim against him, with the condition that the agreement was "to be binding only in case that it be signed by all his principal

creditors." The expression "all his principal creditors" is vague and difficult of interpretation. But certainly these creditors were capable of judging for themselves when all the principal creditors had signed. They were not bound to take the notes until the condition had been complied with. The fact that they took the notes must be accepted as evidence of their judgment that at the time they took them they were satisfied that the creditors who had already signed constituted all the principal creditors, within their understanding of the term and within that of the debtor. Otherwise, they were at liberty to decline taking the notes. Having taken them, they are concluded from saying, on the evidence presented, that all the principal creditors had not signed at the time.

The claim must be reduced to the amount of the four unpaid notes, at their provable amounts, and the $66.41, and the creditors must pay the costs of the proceeding.